FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 17 2012 ★
LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARIAN TRENT,

                    Petitioner,

    -against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------X
FEUERSTEIN, J.

**ORDER**
09-CV-5546 (SJF)

On December 2, 2009, incarcerated petitioner Darian Trent ("petitioner") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [Docket Entry Nos. 1, 10]. The government opposes the motion. [Docket Entry No. 17]. For the reasons discussed below, petitioner's motion is denied.

I.     Background

On or about September 13, 2007, Suffolk County police officers executed a search warrant at petitioner's home in East Patchogue, New York in petitioner's absence. Petitioner's Appendix [Docket Entry No. 22] ("Appx.") at 18. The officers, who were searching for crack cocaine and other illegal contraband, recovered an operable Hi-Point nine millimeter rifle from a bedroom in petitioner's home. Id. at 1-6, 18, 22-24. Petitioner had previously been convicted in state court of Attempted Criminal Possession of a Weapon in the Third Degree, a class E felony, and Attempted Sale of a Controlled Substance in the Third Degree, a class C felony. Id. at 24.

1

While the search was being conducted at petitioner's home, other Suffolk County police officers stopped and arrested petitioner for Reckless Driving, in violation of Vehicle and Traffic Law § 1212, and Unlawful Fleeing a Police Officer, in violation of Penal Law § 270.25. Id. at 19-20.

Petitioner was transported to the Fifth Precinct, where he waived his <u>Miranda</u> rights and provided a written statement in which he admitted to possession of the rifle, which he kept loaded in his bedroom closet. Id. at 23.

On April 24, 2008, petitioner was indicted on one (1) count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Id. at 25. On May 18, 2009, petitioner executed a plea agreement and entered a plea of guilty to the count charged in the indictment. Id. at 53-78. The plea agreement stated that petitoner's base offense level was twenty (20), with an anticipated two (2) level reduction for petitioner's acceptance of responsibility. Id. at 54. The recommended Guidelines range was fifty-one (51) to sixty-three (63) months' imprisonment. Id. As part of the plea agreement, petitioner agreed that he would "not [] file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment 63 months or below." Id. at 55.

On November 19, 2009, the Court sentenced petitioner to a term of sixty-three (63) months' imprisonment and three (3) years' supervised release. Id. at 79-92. Petitioner did not file a notice of appeal. Supplemental Motion [Docket Entry No. 10] ("Supp. Mot.") at 4. Petitioner is presently serving his term of imprisonment. Id. at 2.

II. Discussion

### A. Legal Standard

28 U.S.C. § 2255 provides, in pertinent part:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

"Claims of ineffective assistance of counsel may be raised under § 2255 and are not barred for failure to raise them on direct appeal." Melo v. United States, --- F.Supp.2d ----, 2011 WL 5597432, at *2 (S.D.N.Y. 2011) (citing Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)).

### B. Petitioner's Arguments.

Petitioner argues that the attorney who represented him in connection with his guilty plea and sentence provided constitutionally ineffective assistance of counsel. First, petitioner argues that his attorney "assured petitioner, despite the plea agreement and plea allocution setting out that petitioner faced a 51 to 63 month prison term, that he would receive at most 36 months in jail of which he would serve a total of 18 months in prison before being released." Supp. Mot. at 2. Second, petitioner argues that "counsel . . . further abdicated his responsibility . . . by failing to challenge the advisory guideline sentence calculations, submit any pre-sentencing memorandum or letters or seek to obtain a non-guidelines sentence." Id. Third, petitioner argues

3

that counsel "was ineffective for failing to challenge the search warrant issued that resulted in the seizure of a rifle from petitioner's home . . . the suppression of which would have resulted in the dismissal of the case." Id.

C. Analysis.

1. Petitioner's § 2255 Waiver.

As part of the plea agreement, petitioner agreed that he would "not [] file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment 63 months or below."[1] Appx. at 55.

"There is no general bar to a waiver of collateral attack rights in a plea agreement," Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam)), and a knowing and voluntary waiver of the right to challenge a conviction or sentence is valid and enforceable. See Garcia-Santos, 273 F.3d at 508-09; Rubinstein v. United States, Nos. 10 Cv. 8106, 06 Cr. 316, 2011 WL 1362185, at *3 (S.D.N.Y. Apr. 8, 2011) ("The Second Circuit has repeatedly held that a defendant's waiver of the right to file a Section 2255 motion in a plea agreement is valid and enforceable . . . ."). Here, the record demonstrates that petitioner made the waiver knowingly and voluntarily. At his plea hearing, petitioner confirmed that he had reviewed the plea agreement with his attorney, that he understood it, and that he intended to abide by it. Appx. at 74.

---

[1] Petitioner was sentenced to a term of sixty-three (63) months' imprisonment.

4

"However, a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been procured." Frederick, 308 F.3d at 195-96 (citing United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam)). Here, petitioner argues that he received ineffective assistance with respect to his decision to plead guilty. See Supp. Mot. at 11-12; Petitioner's Reply [Docket Entry No. 18] at 2. Thus, the waiver does not preclude petitioner's claims insofar as he argues that his attorney induced him to plead guilty with false assurances and faulty legal advice. See Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008). Nevertheless, petitioner's motion fails on its merits.

2. The Merits.

Petitioner has not met his burden to demonstrate ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a defendant must satisfy a two-pronged test: "(1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bennett v. United States, 663 F.3d 71, 84 (2d Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (internal citations and quotation marks omitted). "The Strickland standard is 'highly demanding.'" Id. at 85 (quoting Kimmelman v. Morrison, 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689.

      a.      Counsel's Representations Regarding Length of Sentence

In an affidavit, petitioner claims that he "relied on" his attorney's "assurances" that he would "receive a three year sentence of which [he] would serve only 18 months in prison." Appx. at 105-06.[2] This claim, however, is belied by the record.

Petitioner's plea agreement stated, in pertinent part: "No promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes all prior promises, agreements or conditions between the parties." Id. at 57-58. At his plea hearing, plaintiff represented that he understood the agreement, that he intended to abide by it, and that he had not been promised anything other than what was contained in the plea agreement. Id. at 74-75.

At petitioner's plea hearing, the following exchanges took place on the record:

| | |
|---|---|
| THE COURT: | Are you entering this plea of guilty voluntarily, of your own free will? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Has anyone threatened you or forced you to plead guilty? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Has anyone coerced you in any way to plead guilty? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Other than the agreement with the prosecutor, has anyone promised you anything in order to induce you to plead |

---

[2] Petitioner also submits affidavits from his parents, who each state that counsel advised them that petitioner would receive a sentence of no longer than three (3) years. Appx. at 107-110.

6

|                  | guilty?                                                              |
|------------------|----------------------------------------------------------------------|
| THE DEFENDANT:   | No, ma'am.                                                           |
| THE COURT:       | Has anyone promised you the sentence you will receive?               |
| THE DEFENDANT:   | No, ma'am.                                                           |
| THE COURT:       | Do you understand no one could because I alone will decide what the sentence is? |
| THE DEFENDANT:   | Yes, ma'am.                                                          |

* * *

| THE COURT:     | Do you understand that no one is promising you a particular sentence because no one can do that? |
|----------------|--------------------------------------------------------------------------------------------------|
| THE DEFENDANT: | Yes, ma'am.                                                                                      |
| THE COURT:     | I am the only person that will impose the sentence upon you, therefore, no one else can promise you or even recommend really what the sentence should be. It will be entirely my decision. Understood? |
| THE DEFENDANT: | Yes, ma'am.                                                                                      |

Id. at 75-77.

Petitioner's statements, made under oath at his plea allocution, "carry a strong presumption of verity." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999) (quoting United States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997)). Such testimony "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001). Petitioner's claims that he was misled are directly rebutted by evidence in the record, which demonstrate that he was fully informed of his exposure and the consequences of pleading guilty. Thus, the Court rejects the claim that petitioner was misinformed about the possible sentence he would receive. See, e.g., Pineda v. United States, No. 10 Civ. 2385, 2010 WL 6501656, at *4 (S.D.N.Y. Oct. 26, 2010) (Report and Recommendation), adopted by 2011

WL 1419615 (S.D.N.Y. Apr. 11, 2011); Jackson v. United States, No. 07-CV-1303, 2009 WL 3246749, at *4 (N.D.N.Y. Oct. 5, 2009); Rivera v. United States, Nos. 06 Civ. 14421, 04 Crim. 407, 2007 WL 1953430, at *9 (S.D.N.Y. July 6, 2007); Benigno v. United States, 285 F.Supp.2d 286, 299-300 (E.D.N.Y. 2003).

Even if plaintiff could show that he received incorrect legal advice, "any faulty advice . . . was cured by the Court's detailed questioning of the petitioner at the plea allocution, which alerted the petitioner of the 'actual sentencing possibilities.'" Benigno, 285 F.Supp.2d at 300 (quoting Rosenfeld v. United States, 972 F. Supp. 137, 146 (E.D.N.Y. 1997)). Furthermore, there is no evidence that petitioner was prejudiced by any allegedly faulty legal advice, or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Murphy v. United States, No. 05 Civ. 3972, 02 CR. 1161, 2006 WL 3057303, at *3 (S.D.N.Y. Oct. 24, 2006).

      b.      Failure to Contest Guidelines Calculation and Failure to Argue for Non-Guidelines Sentence

Next, petitioner argues that counsel was ineffective for failing to argue for a three (3) point reduction for acceptance of responsibility, for failing to make certain objections to the Presentence Report, and for failing to argue for a non-Guideline sentence. Supp. Mot. at 15-18. These arguments are without merit.

As petitioner's former attorney explains in an affidavit, petitioner was not entitled to a three (3) point reduction for acceptance of responsibility because petitioner did not inform the government of his intention to plead guilty in a timely manner, and the government was forced to

prepare for trial. See U.S.S.G. § 3E1.1. In other words, counsel advocated for the highest reduction recommended by the Sentencing Guidelines. There is nothing to suggest that counsel's advocacy or representation with respect to this issue was deficient.

Next, petitioner argues that counsel was ineffective for failing to object to the enhancement pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight. Petitioner does not challenge that his actions were reckless, but argues that the "flight had nothing to do with the charge in the case," and "was motivated by [petitioner's] concerns for his personal safety." Supp. Mot. at 15. Given the temporal and geographic proximity between the events, as well as petitioner's motivation to conceal his illegal activity, there was a sufficient nexus between petitioner's flight and the offense to which he pleaded guilty. The enhancement was therefore appropriate. Moreover, defense counsel's failure to object to the enhancement did not constitute ineffective assistance of counsel.

Furthermore, although petitioner claims that his attorney was ineffective for failing to seek a non-Guideline sentence, he has not shown any reasonable probability that the outcome of the proceedings would have been different had counsel made such an argument. See Strickland, 466 U.S. at 694. Nor was counsel ineffective for failing to advance an argument based upon the Supreme Court's decision in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783 (2008).

      c.     Failure to Challenge the Search Warrant

Petitioner further argues that defense counsel was ineffective for failing to challenge the search warrant for petitioner's home. Supp. Mot. at 18-25. He contends that Detective Smith's

9

affidavit "did not establish probable cause," and that the "good faith" exception to the exclusionary rule would not apply in this case. See id. at 19 (citing United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

"A plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden." Rivera v. United States, 928 F.2d 592, 602 (2d Cir. 1991). "A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" United States v. Smith, 9 F.3d 1007, 1012 (2d Cir. 1993) (quoting Illinois v. Gates, 462 U.S. 213, 236 103 S.Ct. 2317, 2331 (1983)). "In determining what constitutes probable cause to support a search warrant when the warrant is based upon information obtained through the use of a confidential informant, courts assess the information by examining the 'totality of the circumstances' bearing upon its reliability." Id. (quoting Gates, 462 U.S. at 230-31 (1984)).

Here, the search warrant was supported by probable cause. Detective Smith's affidavit stated that officers had observed certain suspicious activity around petitioner's house, and also attached a confidential informant's sworn statement that he had purchased crack from petitioner. Appx. at 1-6. Such evidence is sufficient to support a finding of probable cause. See, e.g., Bancroft v. City of Mount Vernon, 672 F.Supp.2d 391, 402 (S.D.N.Y. 2009) ("Reliance on information from a single confidential informant whom the police and the magistrate deem credible is enough to support a finding of probable cause."); Speights v. City of N.Y., Nos. 98 CV 4635, 98 CV 4636, 2001 WL 797982, at *4 (E.D.N.Y. June 18, 2001). Even if the warrant were not supported by probable cause, the officers' reliance upon the warrant would have been objectively reasonable, and any evidence seized would therefore have been admissible. See Leon, 468 U.S. 897. There is no indication that the issuing judge was misled, that the issuing

judge abandoned his or her judicial role, that the application was so lacking in indicia of probable cause as to render reliance upon it unreasonable, or that the warrant was so facially deficient that reliance upon it was unreasonable. See id. at 923. Thus, counsel's failure to challenge the search warrant did not qualify as deficient performance under Strickland.[3]

The Court has reviewed petitioner's remaining arguments and finds them without merit.

III. Conclusion

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. As the record plainly shows that petitioner is entitled to no relief, the motion is denied without a hearing. The Clerk of Court is directed to close this case.

**SO ORDERED.**

/s/ SANDRA J. FEUERSTEIN
Sandra J. Feuerstein
United States District Judge

Dated: January 17, 2012
Central Islip, New York

---

[3] Although petitioner's attorney did not challenge the search warrant, he did move to suppress petitioner's statement to the Suffolk County police. After a hearing on April 29, 2009, the Court denied the motion to suppress.

11